DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES EDDIE YOUNG,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1850

[October 11, 2017]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth Scherer, Judge; L.T. Case No. 76 1654CF10B.

James Young, Miami, pro se.

No brief filed for appellee.

PER CURIAM.

In this appeal from the denial of his Florida Rule of Criminal Procedure 3.800(a) motion, James Young challenges his life sentence for a second degree murder committed while he was a juvenile in 1975. He argues that the sentence is illegal because the maximum sentence for second degree murder, a first degree felony punishable by life, was equivalent to the maximum sentence for a life felony. *See* § 775.082(3)(b), Fla. Stat. (1975) (providing that certain aggravated first degree felonies are punishable by "a term of years not exceeding life imprisonment"); § 775.082(3)(a), Fla. Stat. (1975) (providing that a life felony is punishable by "a term of imprisonment for life or for a term of years not less than 30.").

We have held that where the maximum penalty for a lesser offense is greater than the maximum penalty for a more severe offense, the Eighth Amendment principle of proportionality is violated. *See Peters v. State*, 128 So. 3d 832, 851-55 (Fla. 4th DCA 2013) (holding that a "statutory anomaly" that existed between October 1, 1983 and July 1, 1995, arising from the application of the decision in *Graham v. Florida*, 560 U.S. 48 (2010), violated the Eighth Amendment because a juvenile who committed a non-homicide life felony could not be sentenced to more than forty years

in prison, while a juvenile who committed a first degree felony punishable by life could be given a sentence well above forty years).

However, it does not follow that the maximum penalty for two classes of offenses cannot be equivalent. We rejected this notion in *Peters* by holding that juvenile defendants convicted of aggravated first degree felonies committed during the relevant time period should be subject to the same maximum penalty as juveniles convicted of non-homicide life felonies committed during the same period, i.e., not more than forty years in prison. 128 So. 3d at 855. We explained that Peters' ninety-nine-year sentence was unconstitutional because he "would have been better situated had he committed a life felony, a more serious crime under the legislative framework, than the [aggravated first degree felonies] he committed." *Id.*

Accordingly, Young's argument that his life sentence for a first degree felony punishable by life is illegal because he would have been subject to the same penalty if he had committed a life felony is meritless.

*Affirmed.*

DAMOORGIAN, FORST and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2